**EXHIBIT A**

25CV066725-590

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NUMBER: _____

BRYANT JAMAL LEWIS,                    )
                                       )
                                       )
              Plaintiff,               )
                                       )
v.                                     )

CITY OF CHARLOTTE,
MECKLENBURG COUNTY, CHARLOTTE-
MECKLENBURG POLICE DEPARTMENT,    )
[JOHN DOE 1], [JOHN DOE 2], and [JOHN DOE
3], in their individual and official capacities,


              Defendants.

---

### COMPLAINT
#### (Jury Trial Demanded)

NOW COMES the Plaintiff Bryant Jamal Lewis, by and through his undersigned

counsel, complaining of the acts of Defendants the City of Charlotte, Charlotte-Mecklenburg

Police Department, and Officers John Doe 1, John Doe 2 and John Doe 3, in their individual

and official capacities.

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff brings this action seeking legal and equitable relief and the amount in controversy

    exceeds ($25,000). Plaintiff seeks damages in excess of ($25,000).

2.  Plaintiff Bryant Jamal Lewis (hereinafter "Plaintiff" and/or "Mr. Lewis") is presently

    a citizen and resident of Mecklenburg County, Charlotte, North Carolina.

3.  Defendant City of Charlotte (the "City") is a municipal corporation organized by

1

charter under Chapter 160A of the North Carolina General Statutes. It maintains and operates the Charlotte-Mecklenburg Police Department ("CMPD"). Employees of CMPD are employees and agents of the City, which bears legal responsibility under state law for negligent acts and omissions of CMPD in the course of their employment. The City is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

4. Further, on information and belief, the City of Charlotte, at the time of the wrongful arrest, had waived governmental or sovereign immunity from the state law tort claims in this case pursuant to G.S. § 160A-485, either by participation in a government risk pool or through purchase of commercial insurance that will indemnify the City and its agents for any judgment against it or its agents named in this action.

4. All Individual Defendant CMPD Officers, listed below, are entitled to indemnification by the City of Charlotte under North Carolina law for any liability arising from conduct described herein.

5. Defendant Charlotte-Mecklenburg Police Department is the law enforcement agency of the City of Charlotte, responsible for policing operations within Mecklenburg County, North Carolina.

6. Defendant Officer John Doe 1 is a police officer employed by the Charlotte-Mecklenburg Police Department, being sued in his/her official and individual capacity.

7. Defendant Officer John Doe 2 is a police officer employed by the Charlotte-Mecklenburg Police Department, being sued in his/her official and individual capacity.

8. Defendant Officer John Doe 3 is a police officer employed by the Charlotte-

2

Mecklenburg Police Department, being sued in his/her official and individual capacity.

9. Separate and apart from any waiver of immunity as a result of insurance, Defendants' "immunity," if asserted, is otherwise waived or pierced to the extent Defendants, individually or severally, violated Plaintiff's federal civil rights, and/or acted corruptly, maliciously, or were grossly negligent and recklessly indifferent to the established rights of Plaintiff and other African American citizens. Specifically, Plaintiff alleges that Defendants: wantonly did what a person of reasonable intelligence would know to be contrary to that person's duty, and which that person would reasonably foresee could cause injury or damage.

10. Plaintiff brings this action, in part, pursuant to 42 U.S.C. § 1983 and § 1985 and the Fourth and Fourteenth Amendments to the United States Constitution.

11. The unlawful acts complained of occurred in Mecklenburg County so venue is proper in this venue based on N.C. Gen. Stat. § 1-82.

12. This Court has personal and subject matter jurisdiction over this action and the parties of the dispute pursuant to N.C. Gen. Stat. § 7A-240.

13. This action is being filed within the timeframes as prescribed by N.C. Gen. Stat. § 1-51(3) and is therefore timely.

14. Plaintiff respectfully demands a trial by jury of all issues in this matter.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 were in uniform and acting within the scope of their employment as Charlotte-Mecklenburg Police Department officers and under color of state law. Particularly, at all relevant times, these Defendant Officers acted under color of the laws, statutes, ordinances,

regulations, policies, customs and usages of the City of Charlotte and Mecklenburg County in the State of North Carolina.

16. On April 14, 2022, at approximately 11:43 a.m., Plaintiff Bryant Jamal Lewis was working as a rideshare driver ("Hood Uber") in Charlotte, North Carolina.

17. On that date, Mr. Lewis was sent to a location on the south side of Charlotte to pick up a client identified as Ms. Martinez for transportation to the airport.

18. Upon arriving at the location, Mr. Lewis observed a set of stairs at ground level and proceeded up those stairs.

19. Mr. Lewis texted the client to inform her that he had arrived and was outside, and also described what he was wearing.

20. The client's text messages then went cold and Mr. Lewis received no response.

21. Mr. Lewis sent two additional messages before leaving the location.

22. On April 20, 2022, Mr. Lewis received a message requesting rideshare services for a "night assignment" in the south end of Charlotte, North Carolina.

23. Mr. Lewis did not recognize the address or the area because it was nighttime and the location was unfamiliar to him.

24. Upon arriving at the location, Mr. Lewis texted the client to inform them that he had arrived.

25. The client replied with a building number and Mr. Lewis exited his vehicle.

26. Mr. Lewis proceeded up a set of stairs located toward the back of the building.

27. Once Mr. Lewis reached the location, he began texting the client but received no answers.

28. Mr. Lewis then called the client but received no answer.

4

29. By this time, Mr. Lewis became worried and concerned for his safety because he had no knowledge of whether he was being set up for harm.

30. Mr. Lewis left the location out of concern for his safety.

31. On July 4, 2022, the Charlotte-Mecklenburg Police Department issued criminal complaints charging Mr. Lewis with multiple felony and misdemeanor offenses related to the April 14 and April 20, 2022 incidents.

32. Specifically, CMPD charged Mr. Lewis with the following offenses, all with an offense date of April 14, 2022: Breaking and Entering (Case No. 22CR221527); Attempted Robbery with a Dangerous Weapon (Case No. 22CR221528); Assault with a Deadly Weapon (Case No. 22CR221529); Assault with a Deadly Weapon (Case No. 22CR221530); and Attempted Robbery with a Dangerous Weapon (Case No. 22CR221531).

33. The complainant listed on all charges was identified as "ERB, E."

34. On September 12, 2022, Mr. Lewis and his girlfriend took Mr. Lewis's dog to a field to allow the dog to run around.

35. Mr. Lewis and his girlfriend obtained food and watched YouTube videos in Mr. Lewis's vehicle.

36. Mr. Lewis and his girlfriend dozed off in the vehicle.

37. Mr. Lewis and his girlfriend were awakened by knocking on their vehicle window by Charlotte-Mecklenburg Police Department officers.

38. The CMPD officers asked Mr. Lewis and his girlfriend for their identification.

39. The CMPD officers checked Mr. Lewis's and his girlfriend's identification and then told them they could leave.

40. Mr. Lewis and his girlfriend proceeded to drive away from the field.

41. As Mr. Lewis drove away, CMPD officers activated their blue lights and pulled over Mr. Lewis's vehicle.

42. The CMPD officers informed Mr. Lewis that he had a warrant for his arrest.

43. Mr. Lewis asked the officers what the warrant was for.

44. The CMPD officer responded that he did not know what the warrant was for.

45. Mr. Lewis told the officer that he needed to know what he was being arrested for before he would exit his vehicle.

46. The CMPD officers refused to explain the charges to Mr. Lewis or inform him of the basis for the warrant before demanding that he exit the vehicle.

47. Mr. Lewis exited his vehicle without knowing what he was being accused of.

48. The CMPD officers arrested Mr. Lewis at approximately 9:52 a.m. on September 12, 2022.

49. Mr. Lewis was transported to the Steele Creek CMPD location.

50. At the Steele Creek location, Mr. Lewis was questioned by a detective who was not assigned to his case.

51. Mr. Lewis was held at the Steele Creek location for approximately one to two hours while being questioned by the unassigned detective.

52. After the interrogation, Mr. Lewis was transported "uptown" to the Mecklenburg County Jail where he was booked as inmate number 0000500766 with arrest number 1864730.

53. Mr. Lewis's bond was set at $80,000.

54. On September 13, 2022, Mr. Lewis appeared for a bond hearing and his request for

6

bond reduction was denied.

55. Mr. Lewis was held in the Mecklenburg County Jail on an $80,000 bond despite the lack of any credible evidence supporting the charges against him.

56. On September 13, 2022, Mr. Lewis appeared for a bond hearing and his request for bond reduction was denied.

57. On September 23, 2022, Mr. Lewis appeared for a second bond hearing and his request for bond reduction was again denied.

58. On September 23, 2022, jail officials informed Mr. Lewis that he was required to receive a tuberculosis (TB) vaccination.

59. Jail officials informed Mr. Lewis that if he refused to take the TB vaccination, he would be placed in solitary confinement ("the hole").

60. Under threat of being placed in solitary confinement, Mr. Lewis was coerced into receiving the TB vaccination against his will.

61. This forced medical procedure constituted an assault on Mr. Lewis's person and a violation of his bodily autonomy.

62. Beginning on September 27, 2022, Mr. Lewis experienced severe stomach pain and constipation.

63. Mr. Lewis was unable to defecate and experienced significant physical discomfort.

64. On September 27, 2022, Mr. Lewis requested medical attention through a correctional officer.

65. The correctional officer instructed Mr. Lewis to submit his medical request through the jail's kiosk system.

66. Mr. Lewis proceeded to the kiosk and submitted a request to see a doctor regarding

7

his stomach pain and inability to defecate.

67. On September 29, 2022, Mr. Lewis was called out of his pod by correctional officers to the correctional officer's desk.

68. The correctional officers asked Mr. Lewis if he still needed to see the doctor.

69. Mr. Lewis informed the officers that while his stomach was not in as much pain, he still could not defecate and confirmed that he still needed medical attention.

70. The correctional officers then asked Mr. Lewis if he had funds to pay for medical services.

71. The correctional officers informed Mr. Lewis that medical services would cost approximately $20 to $30.

72. Mr. Lewis informed the officers that he did not have funds to pay for medical services.

73. The correctional officers explicitly informed Mr. Lewis: "I could not see the doctor cause I had no way to pay."

74. Mr. Lewis was denied medical care solely because he lacked the ability to pay the required fee for medical services.

75. This denial of medical care demonstrated deliberate indifference to Mr. Lewis's serious medical needs.

76. The denial of medical care violated Mr. Lewis's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

77. As a result of the denial of medical care, Mr. Lewis continued to suffer from physical pain, inability to defecate, and emotional distress throughout the remainder of his detention.

78. Mr. Lewis remained in custody for a total of twenty-two (22) days on baseless criminal

charges.

79. On October 4, 2022, at 2:40 a.m., Mr. Lewis was released from the Mecklenburg County Jail.

80. Mr. Lewis's entire detention was unlawful from its inception due to the lack of probable cause for his arrest.

81. Mr. Lewis's detention was prolonged by the City's failure to investigate the charges or dismiss the meritless accusations against him.

82. All charges against Mr. Lewis were ultimately dismissed with no plea agreement, confirming the baseless nature of the accusations.

## FACTUAL ALLEGATIONS - PATTERN AND PRACTICE, AND GENERAL ALLEGATIONS

83. Each and every one of the Defendants had a statutory duty to the public, statutory duties that they have violated with respect to Mr. Lewis. These duties include but are not limited to, the duties contained in 42 U.S.C. §§ 1983, 1985, and in N.C. Gen. Stat.§ 14-30, and § 160A, *et seq.*

84. Upon information and belief, the negative treatment of Mr. Lewis by the Defendants was the result of racial profiling, racial animus and/or personal malice towards Mr. Lewis as an African American male. Mr. Lewis has constitutional protections (including but not limited to those enunciated in the 4th, 5th , 8th (through the 14th), and 14th Amendments to the United States Constitution, and Article I § 19 of the North Carolina Constitution), for equal protection under the law, and against illegal searches and seizures and deprivations of liberty and property without due process, or except in accordance with the law of the land, which were violated by the defendants when they illegally detained, interrogated, arrested, and incarcerated Mr. Lewis without just or probable cause to believe that Mr.

Lewis had committed any violation of the law.

85. Defendants acted carelessly, recklessly and in conscious disregard of the known rights of Mr. Lewis as a citizen and were grossly negligent and completely indifferent to his rights and safety by detaining and falsely imprisoning Mr. Lewis for no valid reason other than the color of his skin.

86. At all relevant times, Defendants Defendant Officers John Doe 1, John Doe 2 and John Doe 3 were acting individually and intentionally as well as in the course and scope of their duties as agents and employees of Defendant City of Charlotte (Charlotte-Mecklenburg Police Department). As such, Defendant Officers John Doe 1, John Doe 2 and John Doe 3's actions are imputed to Defendant City of Charlotte which is responsible for the official policies or customs that encourage its police officers and detectives to treat African American citizens more harshly than Caucasian or White Citizens. The official policies or customs of Defendant City of Charlotte caused the deprivation of Mr. Lewis's rights.

87. Defendant City of Charlotte further ratified and condoned the misconduct of Defendant Officers John Doe 1, John Doe 2 and John Doe 3 and is directly and vicariously liable for participation in the actions and egregious wrongs alleged against Mr. Lewis.

88. Defendants committed wrongful acts against Mr. Lewis intentionally and without excuse or just cause, and in reckless disregard of the Constitution and laws of the United States and of the State of North Carolina, including the 4th, 5th, 8th (through the 14th), and 14th Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, and the North Carolina Constitution, Article I § 19, proceeding recklessly in disregard of the rights of others, including Mr. Lewis, solely to advance their own ulterior purposes.

89. This action seeks damages on behalf of Mr. Lewis for the loss of liberty, extraordinary

10

emotional pain and suffering, and injuries to his person, that Mr. Lewis was forced to endure as a consequence of Defendants' decidedly wrongful acts.

90. Mr. Lewis has suffered and continues to suffer severe and ongoing damages, specifically including physical pain and injuries, inadequate medical care, serious psychological and emotional damage, loss of income and professional opportunities, and loss of quality of life.

## FEDERAL CIVIL RIGHTS CLAIMS - 42 U.S.C. § 1983

### FIRST CLAIM FOR RELIEF
### UNLAWFUL ARREST AND SEIZURE
### 42 U.S.C. § 1983 - FOURTH AMENDMENT

91. The allegations in the prior Paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

92. Plaintiff brings this Claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth Amendment of the United States Constitution, which applies to actions of local governments and to individuals or corporate entities acting under color of state law.

93. Under 42 U.S.C. § 1983, Defendants are liable to Plaintiff individually and in their official capacities as agents (under North Carolina law) and/or as informed officers of the City of Charlotte via its Police Department, or principles of such agents/employees/police officers, acting under color of state law.

94. On September 12, 2022, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 arrested Mr. Lewis without probable cause to believe he had committed any crime.

95. The arresting officers informed Mr. Lewis that he had a warrant for his arrest but refused to identify what charges the warrant was for.

96. When Mr. Lewis inquired about the basis for the warrant, the officers stated they did

not know what the warrant was for.

97. The officers could not articulate any factual basis for Mr. Lewis's arrest or detention.

98. Upon information and belief, no valid warrant existed for Mr. Lewis's arrest, or alternatively, if a warrant existed, it was not supported by probable cause.

99. The April 14, 2022 and April 20, 2022 incidents involving Ms. Martinez and the unidentified client did not provide probable cause for the criminal charges filed against Mr. Lewis.

100. Mr. Lewis was merely attempting to provide rideshare services to clients who failed to respond to his communications.

101. Mr. Lewis left both locations when the clients did not respond, demonstrating no criminal intent or conduct.

102. The complainant "ERB, E" listed on all charges did not provide any credible evidence linking Mr. Lewis to the alleged offenses of Breaking and Entering, Attempted Robbery with a Dangerous Weapon, or Assault with a Deadly Weapon.

103. On July 4, 2022, the Charlotte-Mecklenburg Police Department issued criminal complaints charging Mr. Lewis with felony and misdemeanor offenses without conducting an adequate investigation or establishing probable cause.

104. The fact that all charges against Mr. Lewis were ultimately dismissed with no plea agreement confirms that no probable cause existed to support his arrest or prosecution.

105. Even if a warrant existed, the twenty-two (22) day detention of Mr. Lewis constituted an ongoing unlawful seizure absent probable cause.

106. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 acted under color of state law because they are empowered to detain free citizens under specific circumstances

12

and in accordance with their duties as Officers, and acted pursuant in wrongfully detaining, questioning, and causing the false arrest of Mr. Lewis, who had committed no such wrong and as to whom no reasonable suspicion nor probable cause of unlawful conduct existed.

107. Defendants violated Mr. Lewis's federal Constitutional rights including, but not limited to his right to life, liberty, property, equal protection (including the right to be free from racial discrimination), protection from unreasonable seizure and false arrest, and due process of law provisions (both procedural and substantive) under the federal and state constitutions, and/or as made applicable to the States under the 14th Amendment to the U.S. Constitution.

108. Defendants violated the aforementioned constitutional protections by the acts, omissions, policies, procedures, customs, usages and/or conduct, set forth above.

109. As a proximate and foreseeable result of Defendants' violation of Mr. Lewis's constitutional rights, Mr. Lewis has suffered severe emotional distress, severe mental anguish and anxiety, depression, embarrassment, humiliation, loss of liberty for twenty-two (22) days, and his peace of mind has been disturbed.

110. As a proximate and foreseeable result of the Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer significant harm and damage (physical, financial, and emotional), and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of $25,000.00, the costs of this action and reasonable attorney's fees from Defendants pursuant to 42 U.S.C. § 1988.

13

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE
## 42 U.S.C. § 1983 - FOURTH AMENDMENT

111. The allegations in the prior Paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

112. Plaintiff brings this Claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth Amendment of the United States Constitution, which applies to actions of local governments and to individuals or corporate entities acting under color of state law.

113. The use of force by the City of Charlotte by its police officers on members of the public should not be excessive and should be limited to instances in which there is an immediate threat to the officer or public at large.

114. When using force against members of the public, Charlotte-Mecklenburg Police Officers are only allowed to use reasonable force based upon the circumstances and facts of each occurrence.

115. The policies, usages and customs of the City of Charlotte have ratified, allowed or encouraged the usage of excessive force by its officers in circumstances where excessive force was unjustified and verbal commands and reasonable force should have been implemented.

116. On September 12, 2022, Mr. Lewis and his girlfriend were peacefully sitting in their vehicle at a field with their dog when approached by Charlotte-Mecklenburg Police Department officers.

117. The officers initially checked Mr. Lewis's and his girlfriend's identification and told them they could leave.

14

118. As Mr. Lewis began to drive away, the officers activated their blue lights and pulled over his vehicle.

119. The officers refused to inform Mr. Lewis of the basis for his arrest or the charges against him, despite his repeated requests for this information.

120. Upon information and belief, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 were specifically trained by the City of Charlotte via the Charlotte-Mecklenburg Police Department to use verbal commands and reasonable force first, before escalating and using excessive, hands-on force.

121. Pursuant to their training from the City of Charlotte via the Charlotte-Mecklenburg Police Department, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 specifically failed to consider the use of verbal commands and reasonable force and escalated to the use of excessive force.

122. Without properly explaining the basis for arrest or providing Mr. Lewis with adequate information about the charges, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 used excessive force when removing Mr. Lewis from his vehicle, subduing, detaining and arresting him.

123. Defendants based on the training, policies and customs of the City of Charlotte used excessive force in an inappropriate and excessive manner before considering a severe use of force against Mr. Lewis.

124. At all times, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 were acting under color of state law in their personal capacity as police officers.

125. The City of Charlotte continues to use excessive force as an official policy or custom in an unlawful, unreasonable, and excessive manner to deprive members of the public

of their Constitutional rights to be free from the threat of excessive force and unreasonable seizures.

126. As a proximate and foreseeable result of the Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer significant harm and damage (physical financial and emotional), and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of ($25,000), the costs of this action and reasonable attorney's fees from Defendants pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION**
**42 U.S.C. § 1983**

127. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

128. Plaintiff brings this Claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth and Fourteenth Amendments of the United States Constitution, which applies to actions of local governments and to individuals or corporate entities acting under color of state law.

129. Under 42 U.S.C. § 1983, Defendants are liable to Plaintiff individually and in their official capacities as agents (under North Carolina law) and/or as informed officers of the City of Charlotte via its Police Department, or principles of such agents/employees/police officers, acting under color of state law.

130. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 acted under color of state law because despite knowing that probable cause did not exist to arrest and prosecute Mr. Lewis, intentionally, recklessly and with malice caused Mr. Lewis to be detained, arrested, and held on $80,000 bond.

16

131. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 acted under color of state law because despite knowing that probable cause did not exist to arrest and prosecute Mr. Lewis, intentionally, recklessly and with malice, knowing that they are empowered to detain free citizens under specific circumstances and in accordance with their duties as Officers and acted pursuant in wrongfully detaining, questioning, and causing the false arrest and malicious prosecution of Mr. Lewis, who had committed no such wrong and as to whom no reasonable suspicion nor probable cause of unlawful conduct existed.

132. On July 4, 2022, Defendants initiated criminal proceedings against Mr. Lewis by filing criminal complaints charging him with Breaking and Entering, Attempted Robbery with a Dangerous Weapon, and Assault with a Deadly Weapon.

133. These criminal proceedings were initiated without probable cause and were based on false or misleading information.

134. The criminal proceedings against Mr. Lewis were motivated by racial animus, malice, or other improper purposes rather than legitimate law enforcement objectives.

135. Upon information and belief, Defendants targeted Mr. Lewis for prosecution because of his race and not because of any credible evidence of criminal conduct.

136. The criminal charges filed against Mr. Lewis were baseless and unsupported by any reliable evidence.

137. Mr. Lewis's conduct on April 14, 2022 and April 20, 2022 consisted solely of attempting to provide rideshare services to clients who failed to communicate with him.

138. The complainant "ERB, E" did not provide any credible evidence that Mr. Lewis committed Breaking and Entering, Attempted Robbery with a Dangerous Weapon, or Assault with a Deadly Weapon.

139. Despite the lack of probable cause, Defendants continued to prosecute Mr. Lewis for nearly three months.

140. Mr. Lewis was detained for twenty-two (22) days on an $80,000 bond despite the baseless nature of the charges.

141. Mr. Lewis's bond hearing on September 13, 2022 was denied despite the lack of evidence supporting the charges.

142. Mr. Lewis's second bond hearing on September 23, 2022 was again denied despite the lack of evidence supporting the charges.

143. The criminal proceedings terminated in Mr. Lewis's favor when all charges were dismissed with no plea agreement on December 12, 2022 and December 15, 2022.

144. The dismissal of all charges with no plea agreement confirms that the criminal proceedings were baseless and instituted without probable cause.

145. Defendants violated Mr. Lewis' federal Constitutional rights including, but not limited to his right to life, liberty, property, equal protection (including the right to be free from racial discrimination), protection from unreasonable seizure and false arrest, and due process of law provisions (both procedural and substantive) under the federal and state constitutions, and/or as made applicable to the States under the 14th Amendment to the U.S. Constitution.

146. Defendants violated the aforementioned constitutional protections by the acts, omissions, policies, procedures, customs, usages and/or conduct, set forth above.

18

147. As a proximate and foreseeable result of Defendants' violation of Mr. Lewis's constitutional rights, Mr. Lewis has suffered severe emotional distress, severe mental anguish and anxiety, depression, embarrassment, humiliation, reputational injury, loss of liberty for twenty-two (22) days, and his peace of mind has been disturbed.

148. As a proximate and foreseeable result of the Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer significant harm and damage (physical, financial, and emotional), and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of $25,000.00, the costs of this action and reasonable attorney's fees from Defendants pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO MEDICAL NEEDS**
**42 U.S.C. § 1983 - EIGHTH AND FOURTEENTH AMENDMENTS**

149. The allegations in the prior Paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

150. Plaintiff brings this Claim pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Eighth Amendment of the United States Constitution as applied to pretrial detainees through the Fourteenth Amendment, which applies to actions of local governments and to individuals or corporate entities acting under color of state law.

151. The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners and pretrial detainees.

152. The City of Charlotte, through its operation of the Mecklenburg County Jail, has a constitutional duty to provide adequate medical care to pretrial detainees without

charge.

153. The policies, usages and customs of the City of Charlotte have ratified, allowed or encouraged the denial of medical care to inmates who cannot afford to pay for such care.

154. On September 27, 2022, while detained at the Mecklenburg County Jail, Mr. Lewis experienced severe stomach pain and constipation.

155. Mr. Lewis was unable to defecate and experienced significant physical discomfort and pain.

156. On September 27, 2022, Mr. Lewis requested medical attention through a correctional officer.

157. The correctional officer instructed Mr. Lewis to submit his medical request through the jail's kiosk system, which Mr. Lewis did.

158. On September 29, 2022, Mr. Lewis was called out of his pod by correctional officers who asked if he still needed to see a doctor.

159. Mr. Lewis confirmed that he still needed medical attention because he could not defecate.

160. The correctional officers then informed Mr. Lewis that medical services would cost approximately $20 to $30.

161. When Mr. Lewis informed the officers that he did not have funds to pay for medical services, the officers explicitly told him that he "could not see the doctor cause I had no way to pay."

162. Mr. Lewis was denied access to medical care solely because he lacked the financial means to pay the required fee.

20

163. The City of Charlotte's policy of charging inmates for constitutionally required medical care violates the Eighth Amendment as applied to pretrial detainees through the Fourteenth Amendment.

164. The denial of medical care to Mr. Lewis demonstrated deliberate indifference to his serious medical needs.

165. Stomach pain and constipation that prevents defecation constitutes a serious medical need requiring medical attention.

166. The City of Charlotte, through its jail officials and correctional officers, was aware of Mr. Lewis's serious medical needs but consciously disregarded them by requiring payment as a condition of receiving care.

167. The City of Charlotte's policy of requiring payment for medical care creates an unconstitutional barrier to necessary medical treatment for indigent inmates.

168. As a result of the denial of medical care, Mr. Lewis continued to suffer from physical pain, inability to defecate, and emotional distress throughout the remainder of his twenty-two (22) day detention.

169. On September 23, 2022, jail officials further violated Mr. Lewis's constitutional rights by forcing him to receive a tuberculosis (TB) vaccination under threat of placement in solitary confinement.

170. Jail officials informed Mr. Lewis that if he refused the TB vaccination, he would be placed in "the hole" (solitary confinement).

171. Under threat of solitary confinement, Mr. Lewis was coerced into receiving the TB vaccination against his will.

172. The forced administration of the TB vaccination under threat of punishment

constituted an assault on Mr. Lewis's person and a violation of his constitutional right to bodily autonomy.

173. The forced medical procedure violated Mr. Lewis's Fourteenth Amendment right to due process and bodily integrity.

174. At all times, the City of Charlotte and its jail officials were acting under color of state law in their operation of the Mecklenburg County Jail.

175. The City of Charlotte continues to deny medical care to indigent inmates as an official policy or custom in an unlawful and unconstitutional manner to deprive members of the public of their Constitutional rights to adequate medical care while detained.

176. As a proximate and foreseeable result of the Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer significant harm and damage (physical, financial, and emotional), and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of ($25,000), the costs of this action and reasonable attorney's fees from Defendants pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY
### 42 U.S.C. § 1983 - Fourth and Fourteenth Amendments

177. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

178. Upon information and belief, the City of Charlotte and its decision makers, with deliberate indifference, negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Mr. Lewis, as well as others similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied the following

22

policies, practices, or customs and usages:

    a.    Failure to properly train officers on probable cause requirements for arrests and searches;

    b.    Failure to implement protocols for verifying warrants before effectuating arrests;

    c.    Failure to train officers on constitutional limits of interrogation and detention;

    d.    Maintaining a policy or custom of charging inmates for necessary medical care, thereby denying constitutionally required treatment to indigent detainees;

    e.    Inadequate supervision and discipline of officers who make unlawful arrests or use excessive force;

    f.    Tolerance or ratification of racial profiling and discriminatory law enforcement practices; and

    g.    Failure to investigate complaints of misconduct.

179. These policies, customs, and practices were the moving force behind the constitutional violations suffered by Mr. Lewis.

180. The City's decision-makers acted with deliberate indifference to the known or obvious consequences of their policies.

181. As a proximate and foreseeable result of these policies and the City's failure to correct them, Mr. Lewis suffered significant physical, financial, and emotional harm.

182. As a proximate and foreseeable result of the Defendants' violations of Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer significant harm and

damage (physical, financial, and emotional), and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of ($25,000), the costs of this action and reasonable attorney's fees from Defendants pursuant to 42 U.S.C. § 1988.

**SIXTH CLAIM FOR RELIEF**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**
**42 U.S.C. § 1985**

183. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

184. Upon information and belief, the Defendants agreed and acted in concert, thereby conspiring for the purpose of impeding, hindering, obstructing, or defeating, in some manner, the due course of justice in North Carolina with the intent to deny to Mr. Lewis (as an African American male and United States citizen), the equal protection of the laws, and/or to injure Mr. Lewis for lawfully enforcing or attempting to enforce Mr. Lewis's civil and constitutional rights to be free from racial discrimination, unlawful detention and seizure, the unlawful and excessive use of violent force, and entitlement to the equal protection of the laws, all in violation of 42 U.S.C. § 1985.

185. The conspiracy was motivated, at least in part, by racial animus and class-based discriminatory intent directed at Mr. Lewis as an African American male.

186. Based on Defendant Officers John Doe 1, John Doe 2 and John Doe 3's discussions with each other and with other CMPD personnel, prosecutors, and detention officials, Defendants then jointly, and in furtherance of their unlawful agreement and conspiracy:

24

a. Coordinated to arrest Mr. Lewis without probable cause on September 12, 2022;

b. Agreed to falsely represent that a valid warrant existed for Mr. Lewis's arrest while refusing to inform him of the charges;

c. Caused Mr. Lewis to be detained and interrogated by a detective not assigned to his case, suggesting coordination to build a case post-arrest;

d. Worked together with prosecutors and detention officials to deny bond and prolong Mr. Lewis's detention on baseless charges for twenty-two (22) days;

e. Implemented or enforced unconstitutional policies denying medical care to Mr. Lewis unless he paid fees he could not afford; and

f. Caused Mr. Lewis to be physically injured, restrained, and arrested without probable cause or reasonable suspicion of Mr. Lewis having engaged in any criminal act.

187. As a proximate and foreseeable result of Defendants' conspiracy to violate Mr. Lewis's constitutional rights, and acts taken in furtherance of said unlawful conspiracy, Mr. Lewis has suffered a loss of liberty, physical injury from denied medical care, severe emotional distress, severe mental anguish and anxiety, depression, embarrassment, humiliation, damage to his reputation, and his peace of mind has been disturbed.

188. As a proximate and foreseeable result of the Defendants' conspiracy to violate Plaintiff's civil and constitutional rights, Plaintiff has been caused to suffer

significant harm and damage (physical, financial, and emotional) and is entitled to all equitable and legal relief afforded by the law, including an injunction, as well as compensatory and/or punitive damages in an amount believed to be in excess of ($25,000), the costs of this action and reasonable attorney 's fees from Defendants pursuant to 42 U.S.C. § 1988.

## STATE LAW TORT CLAIMS

### SEVENTH CLAIM FOR RELIEF
### State Law Claim: Assault & Battery

189. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

190. Defendant Officers John Doe 1, John Doe 2 and John Doe 3, by the afore stated intentional acts (physically grabbing Mr. Lewis, handcuffing him, forcibly removing him from his vehicle, restraining him during arrest, transporting him to the police station and jail, and forcing administration of a TB vaccine under threat of solitary confinement) and displays of force and violence threatened and caused Mr. Lewis bodily injury and restricted Mr. Lewis's freedom of movement.

191. Defendants' wrongful accusations of criminal activity, intimidation and threats of arrest and solitary confinement, accompanied by the aforesaid acts or displays to carry out the threats, caused Mr. Lewis to have fear and a reasonable apprehension that harmful offensive contact with his person was imminent.

192. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 individually and on behalf of their employer, the City of Charlotte, intentionally caused bodily contact by grabbing, handcuffing, physically restraining, and forcibly transporting Mr.

26

Lewis without his consent. Such attack was offensive and harmful to Mr. Lewis.

193. On September 23, 2022, jail officials acting on behalf of Defendant City of Charlotte coerced Mr. Lewis into receiving a tuberculosis (TB) vaccination by threatening to place him in solitary confinement if he refused the vaccination.

194. The forced administration of the TB vaccination under threat of punishment constituted a battery upon Mr. Lewis's person without his consent and was particularly offensive and harmful to Mr. Lewis.

195. As a result of Defendants' assault and battery, Plaintiff has been injured and damaged and is entitled to recover compensatory damages in an amount believed to be in excess of ($25,000).

### EIGHTH CLAIM FOR RELIEF
### State Law Claim: False Imprisonment/False Arrest

196. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

197. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 intentionally and unlawfully detained, arrested, and interrogated Mr. Lewis, knowing that there was no probable cause or reasonable suspicion to question him or to have him detained or arrested, and such detention was therefore, unlawful.

198. On September 12, 2022, Defendant Officers John Doe 1, John Doe 2 and John Doe 3 initially checked Mr. Lewis's identification and told him he could leave, but then immediately activated their blue lights and pulled over his vehicle.

199. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 claimed a warrant existed for Mr. Lewis's arrest but refused to inform him what the warrant was for, despite

27

his repeated requests.

200. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 knew or should have known that there was no probable cause for Mr. Lewis's arrest or detention.

201. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 individually and on behalf of their employer, the City of Charlotte, prevented Mr. Lewis from leaving by forcefully subduing him without his consent, then causing him to be arrested, detained at the Steele Creek police station, interrogated against his will, and transported to the Mecklenburg County Jail where he was incarcerated for twenty-two (22) days. Such restraint was offensive and harmful to Mr. Lewis.

202. The continued detention of Mr. Lewis at the police station during interrogation and his subsequent twenty-two (22) day incarceration in the county jail constituted false imprisonment without probable cause or legal justification.

203. Defendants committed wrongful acts against Mr. Lewis, intentionally and without excuse or just cause, and in reckless disregard of North Carolina law, proceeding recklessly in disregard of the rights of others including Mr. Lewis, solely to advance Defendants' ulterior purposes.

204. As a result of Defendants' false imprisonment, false arrest and unlawful detention, Plaintiff has been injured and damaged in an amount believed to exceed ($25,000).

### NINTH CLAIM FOR RELIEF
### State Law Claim: Malicious Prosecution/Abuse of Process

205. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

206. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 and the Charlotte-

28

Mecklenburg Police Department and the City of Charlotte, had a duty to use the care which a reasonably prudent person would exercise in the discharge of his or her duties of a like nature and under like circumstances, and further had the specific duty not to make, submit, or communicate a false or fraudulent report of criminal activity to the authorities.

207. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 violated their duty of care to Mr. Lewis when they reported charges of Breaking and Entering, Attempted Robbery with a Dangerous Weapon, and Assault with a Deadly Weapon without conducting an adequate investigation and without probable cause to believe Mr. Lewis had committed such offenses. This conduct was done negligently, purposefully and maliciously.

208. Defendant Charlotte-Mecklenburg Police Department, acting by and through its officers and detectives, caused to be filed and/or accepted without proper inquiry, false police reports and falsely represented to the Mecklenburg County District Attorney's office that Mr. Lewis had committed acts of Breaking and Entering, Attempted Robbery with a Dangerous Weapon, and Assault with a Deadly Weapon related to the April 14, 2022 and April 20, 2022 incidents.

209. As a result of the Defendants' actions, Mr. Lewis was unlawfully arrested on September 12, 2022 and detained for twenty-two (22) days.

210. The actions of Defendants were negligent, wrongful, malicious, and were either designed to embarrass and damage Mr. Lewis, or such damage was reasonably foreseeable.

211. Defendants knew or should have known that the criminal charges filed against

Mr. Lewis on July 4, 2022 lacked merit and probable cause, yet they arrested Mr. Lewis on September 12, 2022 and caused the charges to be continued against him.

212. Defendants continued to prosecute Mr. Lewis knowing the charges would ultimately be dismissed, but prolonged the prosecution to harass and injure Mr. Lewis.

213. Mr. Lewis suffered physical pain, injuries and discomfort as well as extreme emotional and mental anguish as a result of the Defendants' wrongful actions and/or omissions.

214. All charges against Mr. Lewis were dismissed with no plea agreement on December 12, 2022 and December 15, 2022, constituting a termination of the proceedings in Mr. Lewis's favor.

215. All acts and omissions committed by the Charlotte-Mecklenburg Police Department and the officers and detectives in this department, are imputed to Defendant City of Charlotte pursuant to the doctrines of agency, ratification and/or condonation.

216. The wrongful acts and omissions of the Defendants constituted malicious prosecution and abuse of process.

217. Mr. Lewis suffered physical and emotional damages, harm to his reputation, humiliation, embarrassment, mental anguish, and distress by being unlawfully detained, arrested and subjected to false criminal charges and unfounded allegations made by Defendants.

218. As a direct and proximate result of the actions of the Defendants, Mr. Lewis is entitled to recover damages in an amount in excess of ($25,000).

## TENTH CLAIM FOR RELIEF
### North Carolina Constitutional Claims

219. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

220. Plaintiff asserts this cause of action in the alternative, to the extent that Plaintiff may be found to have no other adequate remedy at law, thus entitling Plaintiff to prosecute this civil action directly under the North Carolina Constitution.

221. To the extent, sovereign immunity or another form of immunity operates to effectively bar the availability of a full and adequate remedy with respect to any federal or common law claims Plaintiff may have against Defendants in their official or individual capacities, Plaintiff asserts a cause of action directly under the North Carolina Constitution against Defendants in their official capacities under color of state law.

222. The actions of Defendants as set forth herein violated the rights guaranteed to Plaintiff under the North Carolina Constitution as follows:

223. Article I, Section 19, the right to be free from deprivation of life, liberty, property or privilege; and equal protection under the law.

224. Article I, Section 20, the right to be free from unreasonable search and seizure.

225. Article I, Section 21, the right to be free from unlawful restraints upon personal liberty.

226. Article I, Sections 35 and 36, the retention of rights necessary to guarantee and preserve the blessings of liberty.

227. Defendants violated the aforementioned constitutional protections by those actions

and conduct described hereinabove.

228. Defendants intentionally acted, combined and conspired to deprive Plaintiff of his constitutional rights to the equal protection of the laws; Defendants subjected Plaintiff to discrimination by the State, through its duly authorized law enforcement officials because of Plaintiff's race or color; Defendants further subjected Plaintiff to an unlawful search and seizure under the laws of the State of North Carolina, depriving him of his liberty and freedom contrary to the law of the land. By virtue of the foregoing conduct, Defendants denied Plaintiff his rights, privileges and immunities under the laws of the State of North Carolina and the North Carolina Constitution.

229. Defendants undertook the aforementioned acts or steps both directly and by means of a conspiracy with duly constituted law enforcement officials, in abuse of certain powers and authorities strictly delegated to law enforcement officers under North Carolina law and in furtherance of an unlawful agreement to violate Plaintiff's rights; Defendants actually engaged in the deprivation of Plaintiff's rights, privileges and immunities secured by the laws and Constitution of the State of North Carolina under color of state law by means of false or misleading reports and/or statements to law enforcement officials, and/or by their unlawful conduct all to the damage or detriment of Plaintiff.

230. In addition to any compensatory and/or punitive damages to which Plaintiff may be entitled as a proximate result of the wrongful and unlawful acts of Defendants, Plaintiff is further entitled to equitable relief in the form of mandatory and/or prohibitory injunctions to curtail and prevent Defendants' unlawful and

32

unconstitutional practices and conduct towards Plaintiff and other African American citizens, a prohibition against continuing racial discrimination by the improper profiling or discriminatory confrontation of African American citizens by Defendants.

231. In addition to being liable for Defendant Officers John Doe 1, John Doe 2 and John Doe 3's conduct, the Defendant City of Charlotte also violated the North Carolina Constitution in the following respects:

a. By allowing Defendant Officers John Doe 1, John Doe 2 and John Doe 3 to use their positions as police officers to prey upon African American citizens, such as Plaintiff.

b. By failing to provide adequate training to Defendant Officers John Doe 1, John Doe 2 and John Doe 3 and/or their superior officers with regard to proper conduct when encountering members of the public including African American citizens such as Plaintiff, proper circumstances for detaining and questioning citizens, proper police procedures for making an arrest, the proper use of force in effectuating a lawful arrest, and the constitutional rights of pretrial detainees such that Defendant Officers John Doe 1, John Doe 2 and John Doe 3, their superior officers and the City engaged in reckless indifference to whether wrongful conduct occurred.

c. By failing to investigate complaints of misconduct and then take effective action against Defendant Officers John Doe 1, John Doe 2 and John Doe 3 for their violation of Plaintiff's rights.

d. By maintaining policies requiring payment for medical care from pretrial detainees in violation of the protections guaranteed by the North Carolina Constitution.

e. By otherwise failing to adequately supervise and control the behavior of Defendant Officers John Doe 1, John Doe 2 and John Doe 3.

f. By failing to provide adequate training to Defendant Officers John Doe 1, John Doe 2 and John Doe 3 with regard to the rights guaranteed by the North Carolina Constitution.

g. By failing to have adequate policies and procedures in place for policing and monitoring officers like Defendant Officers John Doe 1, John Doe 2 and John Doe 3 in their dealings with members of the public, such that the City engaged in reckless indifference to whether wrongful conduct occurred.

232. Defendant City of Charlotte is liable for the violation of Plaintiff's rights under North Carolina Constitution because Defendant Officers John Doe 1, John Doe 2 and John Doe 3 were acting in their official capacity as Charlotte-Mecklenburg Police Department officers during some or all of the tortious conduct.

233. As a proximate and foreseeable result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered a loss of liberty, physical injury, severe emotional distress, severe mental anguish and anxiety, depression, embarrassment, humiliation, loss of reputation, and his peace of mind has been disturbed.

234. As a proximate result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff is entitled to compensatory damages for the injuries and damages caused

by Defendants' constitutionally violative misconduct in an amount believed to be in excess of ($25,000), and is further entitled to injunctive, prohibitive, declaratory and all other equitable relief available.

235. Defendants' actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages (as allowed by common law and/or consistent with Chapter 1-D of North Carolina General Statutes) in an amount to be determined at trial.

**ELEVENTH CLAIM FOR RELIEF**
**Negligent Hiring, Training, Supervision, and Retention**

236. The allegations in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

237. Upon information and belief, Defendant City of Charlotte by and through its agent Charlotte-Mecklenburg Police Department failed to properly screen applicants for positions involving public safety and officers and detectives and/or failed to properly train and supervise said personnel (specifically including, but not limited to the individual Defendant Officers John Doe 1, John Doe 2 and John Doe 3), while authorizing and encouraging them to confront, detain, search and arrest members of the public, including Mr. Lewis in the flagrant abuse of Constitutional and North Carolina law.

238. Further, Defendant City of Charlotte by and through its agent Charlotte-Mecklenburg Police Department knew or should have known of the inadequacy of the training, and of the Defendant Officers John Doe 1, John Doe 2 and John Doe

3 and their individual inability to properly execute their duties as law enforcement officers. Nonetheless, Defendant City of Charlotte retained the services of employees including Defendant Officers John Doe 1, John Doe 2 and John Doe 3 and exposed the public, specifically Mr. Lewis, to the actions of said employees.

239. Upon information and belief, Defendant City of Charlotte failed to properly screen applicants for positions involving law enforcement and/or failed to properly train and supervise said personnel (specifically including, but not limited to the individual Defendant Officers John Doe 1, John Doe 2 and John Doe 3), while authorizing and encouraging them to confront, detain, search and arrest members of the public, including Mr. Lewis, in flagrant abuse of the Constitution and laws of the State of North Carolina.

240. Further, Defendant City of Charlotte knew or should have known of the inadequacy of the training, and of the Defendant Officers John Doe 1, John Doe 2 and John Doe 3's inability to properly execute their duties involving the investigation and arrest of Mr. Lewis. Nonetheless, Defendant City of Charlotte retained the services of Defendant Officers John Doe 1, John Doe 2 and John Doe 3 and exposed the public, specifically Mr. Lewis, to the actions of said employees.

241. As a result of Defendants' negligence in hiring, training, supervising, and retaining the individual Defendants, Mr. Lewis was injured and damaged and is entitled to compensatory damages in an amount believed to be in excess of ($25,000).

**TWELFTH CLAIM FOR RELIEF**
**CLAIM FOR PUNITIVE DAMAGES**

242. The allegations in the preceding paragraphs are re-alleged and incorporated by

36

reference as if fully set forth herein.

243. Defendants' conduct toward Mr. Lewis was malicious, willful, and wanton.

244. Defendants have acted out of a sense of personal ill will and racial animus toward African American citizens and Mr. Lewis's race activated or incited the Defendants to perform the acts or undertake the conduct that resulted in harm to Mr. Lewis.

245. Defendants egregiously wrongful willful and wanton conduct displays a conscious and intentional disregard of, and indifference to, the rights and safety of others, including Mr. Lewis, which the Defendants knew or should have known was reasonably likely to result in injury, damage or other harm, and which did result in substantial harm to Mr. Lewis.

246. Defendants' wanton conduct specifically includes but is not limited to: (a) arresting Mr. Lewis without probable cause or valid warrant; (b) refusing to explain charges to Mr. Lewis before demanding his submission to arrest; (c) prolonging Mr. Lewis's detention on baseless charges for twenty-two (22) days; (d) denying necessary medical care to Mr. Lewis due to his inability to pay approximately $20 to $30 for medical services; (e) forcing Mr. Lewis to accept a TB vaccination under threat of solitary confinement; and (f) maintaining a pretextual prosecution despite knowing the charges lacked merit.

247. Defendant Officers John Doe 1, John Doe 2 and John Doe 3 (individually) and the City of Charlotte as well, participated in or condoned the egregiously wrongful, malicious, willful and wanton conduct of the individual Defendants.

248. The City of Charlotte's conduct was sufficiently egregious to support punitive damages against the municipality, including maintaining unconstitutional policies

with deliberate indifference to the consequences of such policies, specifically including policies requiring payment for constitutionally required medical care and policies tolerating racial discrimination in law enforcement practices.

249. As a result of egregiously wrongful conduct, Defendants are subject to the imposition of punitive damages in such amounts as may be awarded by a jury, under the common law, statutory and Constitutional laws of the State of North Carolina, and pursuant to N.C. Gen. Stat. § 1D-1, et seq.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BRYANT JAMAL LEWIS, respectfully requests judgment against the Defendants, including the following equitable and legal relief:

1. That the Plaintiff have and recover compensatory damages of and from Defendants jointly and severally (as their liabilities may appear) in a sum believed to be in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), along with any statutory fines or penalties imposed by law for:

    a. Violation of 42 U.S.C. § 1983;

    b. Violation of 42 U.S.C. § 1985;

    Additionally or Alternatively for State Law Claims under the Court's Supplemental Jurisdiction for:

    c. Assault and Battery;

    d. False Imprisonment/False Arrest;

    e. Abuse of Process/Malicious Prosecution;

f. Violations of Plaintiff's rights under the North Carolina Constitution; and

g. Negligent Hiring, Training, Supervision and Retention;

2. For an award of punitive damages against Defendant Officers John Doe 1, John Doe 2 and John Doe 3 (in their individual capacities) and the City of Charlotte (to the extent permitted by law), jointly and severally, as a result of Defendants' egregiously wrongful conduct under North Carolina law, for e.g., intentional misconduct, abuse of process and malicious prosecution;

3. That the Plaintiff be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise permitted by law;

4. That the Plaintiff be awarded pre-judgment and post-judgment interest at the legal rate;

5. For all appropriate equitable and Declaratory Relief, including but not limited to a permanent injunction requiring the City of Charlotte and the Charlotte-Mecklenburg Police Department to:

a. Implement policies and training to prevent unlawful arrests without probable cause;

b. Eliminate policies requiring payment for constitutionally required medical care for detainees;

c. Implement proper supervision and disciplinary systems;

d. Prohibit racial profiling and discriminatory enforcement practices;

6. For declaratory relief finding that Defendants violated Plaintiff's federal and state constitutional rights;

7. That the Plaintiff be given a trial by jury on all claims so triable; and

8. For such other and further relief as the Court deems just and equitable.

Respectfully submitted this the 11th day of December, 2025.

THE MONTGOMERY LAW FIRM, PLLC

BY: /s/ Eric A. Montgomery
ERIC A. MONTGOMERY, NC Bar No. 38951
*Attorney for Plaintiff*
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
Telephone:    (704) 749-3135
Facsimile:    (704) 228-7157
E-mail:        eric@themlawfirm.com

40

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| Bryant Jamal Lewis |

| Address |
|---|
| c/o The Montgomery Law Firm PLLC |

| City, State, Zip |
|---|
| 6135 Park South Drive Ste 510 Clt NC 28210 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| City of Charlotte, Mecklenburg County, Officer John Doe I, Officer John Doe 2, Officer John Doe 3 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Date Original Summons Issued |
|---|
| |

| Date(s) Subsequent Summons(es) Issued |
|---|
| |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer John Doe 3<br>c/o City Manager Marcus D. Jones<br>600 East 4th Street<br>Charlotte NC 28202 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Eric A. Montgomery, Esq.<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive Ste 510<br>Charlotte NC 28210 | 12/12/2025 | 8:59:12 am ☐ AM ☐ PM |

Signature

**/s/ Mitchell Woodard**

☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time |
|---|---|---|
| | | ☐ AM ☐ PM |

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

| RETURN OF SERVICE | | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

Case 3:26-cv-00267-FDW-DCK    Document 1-1    Filed 04/02/26    Page 42 of 52

## STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

| | File No. |
|---|---|
| | 25CV066725-590 |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Bryant Jamal Lewis | |

| Address | |
|---|---|
| c/o The Montgomery Law Firm PLLC | |

| City, State, Zip | |
|---|---|
| 6135 Park South Drive Ste 510 Clt NC 28210 | |

**VERSUS**

| Name Of Defendant(s) |
|---|
| City of Charlotte, Mecklenburg County, Officer John Doe I, Officer John Doe 2, Officer John Doe 3 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Date Original Summons Issued |
|---|
| |

| Date(s) Subsequent Summons(es) Issued |
|---|
| |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Officer John Doe 1 | Officer John Doe 2 |
| c/o City Manager Marcus D. Jones | c/o City Manager Marcus D. Jones |
| 600 East 4th Street | 600 East 4th Street |
| Charlotte NC 28202 | Charlotte NC 28202 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Eric A. Montgomery, Esq. | 12/12/2025 | 8:59:12 am  ☐ AM  ☐ PM |
| The Montgomery Law Firm PLLC | Signature | |
| 6135 Park South Drive Ste 510 | /s/ Mitchell Woodard | |
| Charlotte NC 28210 | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

<u>MECKLENBURG</u> County

File No.

25CV066725-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Bryant Jamal Lewis | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| *Address*<br>c/o The Montgomery Law Firm PLLC | |
| *City, State, Zip*<br>6135 Park South Drive Ste 510 Clt NC 28210 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |

| Name Of Defendant(s) | |
|---|---|
| City of Charlotte, Mecklenburg County, Officer John Doe I, Officer John Doe 2, Officer John Doe 3 | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte<br>c/o City Manager Marcus D. Jones<br>600 East 4th Street<br>Charlotte NC 28202 | Mecklenburg County<br>c/o County Manager Michael Bryant<br>600 East 4th Street<br>Charlotte NC 28202 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | *Date Issued* 12/12/2025 *Time* 8:59:12 am ☐ AM ☐ PM |
|---|---|
| Eric A. Montgomery, Esq.<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive Ste 510<br>Charlotte NC 28210 | *Signature* /s/ Mitchell Woodard |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

Case 3:26-cv-00267-FDW-DCK   Document 1-1   Filed 04/02/26   Page 45 of 52

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

File No.

25CV066725-590

MECKLENBURG _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Bryant Jamal Lewis

*Address*
c/o The Montgomery Law Firm PLLC

*City, State, Zip*
6135 Park South Drive Ste 510 Clt NC 28210

**VERSUS**

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
City of Charlotte, Mecklenburg County, Officer John Doe I,
Officer John Doe 2, Officer John Doe 3

*Date Original Summons Issued*
12/12/2025

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Officer John Doe 3<br>c/o City Manager Marcus D. Jones<br>600 East 4th Street<br>Charlotte NC 28202 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Eric A. Montgomery, Esq.<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive Ste 510<br>Charlotte NC 28210 | *Date Issued*<br>2/10/2026 | *Time*<br>3:56:38 pm ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>/s/ Brittany Farris | |
| | ☒ Deputy CSC   ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
Bryant Jamal Lewis

*Address*
c/o The Montgomery Law Firm PLLC

*City, State, Zip*
6135 Park South Drive Ste 510 Clt NC 28210

## VERSUS

*Name Of Defendant(s)*
City of Charlotte, Mecklenburg County, Officer John Doe I,
Officer John Doe 2, Officer John Doe 3

## CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Date Original Summons Issued*
12/12/2025

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Officer John Doe 1 | Officer John Doe 2 |
| c/o City Manager Marcus D. Jones | c/o City Manager Marcus D. Jones |
| 600 East 4th Street | 600 East 4th Street |
| Charlotte NC 28202 | Charlotte NC 282202 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 2/10/2026 | *Time* 3:56:38 pm ☐ AM ☒ PM |
|---|---|---|
| Eric A. Montgomery, Esq. | *Signature* /s/ Brittany Farris | |
| The Montgomery Law Firm PLLC | | |
| 6135 Park South Drive Ste 510 | | |
| Charlotte NC 28210 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 1.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 2.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff *(type or print)* |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. | 25CV066725-590 |
|---|---|---|

**STATE OF NORTH CAROLINA**

MECKLENBURG County

File No. 25CV066725-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
Bryant Jamal Lewis

*Address*
c/o The Montgomery Law Firm PLLC

*City, State, Zip*
6135 Park South Drive Ste 510 Clt NC 28210

**VERSUS**

*Name Of Defendant(s)*
City of Charlotte, Mecklenburg County, Officer John Doe I,
Officer John Doe 2, Officer John Doe 3

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Date Original Summons Issued*
12/12/2025

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| City of Charlotte<br>c/o City Manager Marcus D. Jones<br>600 East 4th Street<br>Charlotte NC 28202 | Mecklenburg County<br>c/o County Manager Michael Bryant<br>600 East 4th Street<br>Charlotte NC 282202 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 2/10/2026 | *Time* 3:56:38 pm ☐ AM ☒ PM |
|---|---|---|
| Eric A. Montgomery, Esq.<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive Ste 510<br>Charlotte NC 28210 | *Signature* /s/ Brittany Farris | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts